# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 10, 2013

## IN RE ERIC J. P. ET AL.

**Appeal from the Circuit Court for Franklin County**
**No. 18466-CV      J. Curtis Smith, Judge**

**No. M2012-02082-COA-R3-PT - Filed April 24, 2013**

The parents of three minor children appeal the termination of their parental rights. The trial court found the Department of Children's Services established two grounds for termination: 1) severe child abuse pursuant to Tennessee Code Annotated § 36-1-113(g)(4); and 2) persistence of conditions pursuant to Tennessee Code Annotated § 36-1-113(g)(3). In a previous dependency and neglect proceeding, the Franklin County Circuit Court found that Father severely abused the children's half-sister and that Mother knew of the abuse but did nothing to protect her child. Neither parent appealed that judgment; as a consequence, the severe abuse findings are res judicata. Pursuant to Tennessee Code Annotated § 36-1-113(g)(4), a court may terminate parental rights when the parent is found to have committed severe child abuse under any prior order of a court against any sibling or half-sibling. The trial court also found that termination of both parents' rights was in the children's best interests. We therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Norris Arthur Kessler, III, Winchester, Tennessee, for the appellant, Charles E. H.[1]

Jonathan C. Brown, Fayetteville, Tennessee, for the appellant, Amanda M. P.

Robert E. Cooper, Jr., Attorney General and Reporter, Leslie Curry, Assistant Attorney General, Douglas E. Dimond, and Wilson Harpe, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

---

[1]This court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

Janet M. Songer, Winchester, Tennessee, for Eric J. P., Charles, J. P., and Maranda V. P.

**OPINION**

Amanda M. P. ("Mother") and Charles E. H. ("Father") are the parents of Eric P., born July 2007, Maranda P., born October 2008, and Charles P., born March 2010, the children at issue in this appeal (hereinafter collectively the "Children"). The Children were removed from Mother and Father's custody in May 2010 along with Father's minor sister, Hannah H., born July 1994, and Mother's minor daughter from a previous relationship, Makayla C., born August 2004, based upon referrals alleging that Father had sexual contact with Hannah and fondled Makayla.

On May 14, 2010, the Department filed a petition against Mother and Father in Franklin County Juvenile Court for emergency temporary custody of the Children, Hannah and Makayla. The primary allegations were that Father had sexually abused Hannah and Makayla and that Mother knowingly failed to protect them. The emergency petition also alleged that all five children were dependent and neglected and severely abused.

On July 9, 2010, the Franklin County Juvenile Court entered a protective custody order declaring all five children dependent and neglected and awarded custody to the Department. The court also conducted a preliminary hearing on July 9, 2010, following which the court ordered that the Children remain in the custody of the Department, but temporary custody of Makayla was restored to her paternal aunt and uncle with whom she had been living prior to this proceeding.[2]

Following an evidentiary hearing on June 25, 2010, the juvenile court found Father guilty of severe abuse of Makayla and Hannah and found that Mother had knowledge of the abuse and took no measures to protect the Children. The court also found the Children dependent and neglected due to the substantial risk of harm posed by Father and Mother and ordered that temporary custody of the Children remain with the Department. The Order of Adjudication was entered on July 9, 2010.

Mother and Father timely appealed the judgment of the juvenile court to the Franklin County Circuit Court. In the de novo hearing, the circuit court heard testimony from Mother and Father and found both were not credible witnesses. The court also heard from Makayla and Hannah, who the court determined were credible witnesses, and further found that both

---

[2]The Preliminary Hearing Order was not entered until June 25, 2010, and by this time the proceedings pertaining to Hannah H. and Makayla C. were assigned separate docket numbers and their dependency and neglect cases proceeded separately.

were severely sexually abused by Father. The circuit court also found that Mother was aware of the sexual abuse of Makayla but that Mother failed to protect her. The circuit court also found both Mother and Father to be cruel and immoral individuals and, pursuant to Tennessee Code Annotated § 37-1-102(b)(12)(B), unfit to parent the Children. Finding the Children dependent and neglected, the circuit court remanded the matter to the juvenile court for further proceedings and disposition pursuant to Tennessee Code Annotated § 37-1-131. None of the parties appealed the circuit court's order entered on June 27, 2011; thus, it is a final, non-appealable judgment.

On remand, the case was set for review in the juvenile court for September 7, 2011. When it came on for hearing, the juvenile court granted the parents' request for a continuance. At a subsequent hearing, the juvenile court ratified the family permanency plan proposed by the Department. Following a hearing on October 26, 2011, the juvenile court relieved the Department of the responsibility of exerting reasonable efforts at reunification of the family due to the fact that Makayla was determined to have been severely abused by Father and Mother in the circuit court ruling. Noting that the termination petition had been filed in the circuit court, the juvenile court ordered that the Children shall remain in state custody. Thereafter, the juvenile court periodically reviewed the matter while awaiting a determination by the circuit court.

The petition to terminate both parents' rights was tried in the circuit court on July 18, 2012. Numerous witnesses testified including Father, Mother, two Department caseworkers, and one of the foster parents. On September 6, 2012, the Franklin County Circuit Court entered an order in which it found that the Department presented clear and convincing evidence establishing grounds for termination based on severe child abuse, pursuant to Tennessee Code Annotated § 36-1-113(g)(4), and persistence of conditions, pursuant to Tennessee Code Annotated § 36-1-113(g)(3). The circuit court also found that termination of Mother and Father's parental rights was in the Children's best interests. Accordingly, the circuit court terminated Mother and Father's parental rights to the Children. This appeal followed.

**STANDARD OF REVIEW**

To terminate parental rights, a court must determine by clear and convincing evidence the existence of at least one of the statutory grounds for termination and that termination is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of Angela E.,* No. W2011–01588–SC–R11–PT, 2013 WL 960626, at * 3, __ S.W.3d __, __ (Tenn. Mar. 13, 2013) (citing *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002)). When a trial court has made findings of fact, we review the findings de novo on the record with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d);

*In re Adoption of Angela E.*, 2013 WL 960626, at \*3 (citing *In re Taylor B.W.*, No. E2011–00352–SC–R11–PT, 2013 WL 635934, at \*7, __ S.W.3d __ (Tenn. Feb. 21, 2013)). We next review the trial court's order de novo to determine whether the facts amount to clear and convincing evidence that one of the statutory grounds for termination exists and if so whether the termination of parental rights is in the best interests of the children. *Id*. Clear and convincing evidence is "evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Id*. (citing *In re Valentine*, 79 S.W.3d at 546 (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)) (internal quotation marks omitted).

## ANALYSIS

Mother and Father assert the trial court erred by relying on severe child abuse as a ground for termination of their parental rights and in finding that the Department established the ground of persistence of conditions, pursuant to Tennessee Code Annotated § 36-1-113(g)(3). They also assert the court erred in finding that termination of Mother and Father's parental rights was in the Children's best interests pursuant to Tennessee Code Annotated § 36-1-113(c)(2).

## I. SEVERE CHILD ABUSE

Mother and Father's challenge to the finding of severe abuse of the Children arises from the following finding in the trial court's order, which reads in pertinent part:

> [I]n Case No. 17,906 [the dependency and neglect action] this court . . . found that Father severely abused the Children's half-sister and that Mother knew about the abuse but did nothing to stop it. That statute provides that a parent's rights to his/her children can be terminated if the "parent . . . has been found to have committed severe child abuse as defined in Tennessee Code Annotated § 37-1-102 under any prior order of a court . . . against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian." The court's finding of severe abuse in that case as to the half-sister establishes grounds for termination pursuant to Tennessee Code Annotated § 36-1-113(g)(4).

Mother and Father rely on this court's reasoning in *In re Nirvanna S.*, 2011 WL 684196, No. E2010-01358-COA-R3-JV (Tenn. Ct. App. Feb. 28, 2011), to contend the trial court erred by imputing the severe abuse of Makayla in this termination proceeding. We, however, find their reliance on *Nirvanna S.* is misplaced because the legal principles at issue

-4-

in *Nirvanna S.* pertained to a dependency and neglect proceeding. *Id*. In *Nirvanna S.* the issue was whether the child was dependent and neglected as a result of severe abuse of another child and we noted that "there is no statutory authority that would allow a child who was not subjected to conduct constituting 'severe child abuse' to be deemed a severely abused child based on abuse perpetrated against a sibling." *Id*. at \*9. While that is a correct statement of the law for a dependency and neglect proceeding, it is not applicable to a termination proceeding. *See* Tenn. Code Ann. § 36-1-113(g)(4). Thus, *In re Nirvanna S.* is not applicable to this action and Mother and Father's reliance upon that opinion is misplaced.

Severe child abuse of the sibling or half-sibling of a child does provide a ground for termination of parental rights under Tennessee Code Annotated § 36-1-113(g)(4). In Tennessee, a court may terminate parental rights when:

> The parent . . . has been found to have committed severe child abuse as defined in Tennessee Code Annotated § 37-1-102, under any prior order of a court . . . against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian.

Tennessee Code Annotated § 36-1-113(g)(4).

The issue here is not whether any of the Children, meaning Eric, Maranda or Charles, were severely abused by Mother or Father; the issue is whether the parents have been found to have committed severe abuse of their sibling or half-sibling, specifically Makayla.

In the Children's dependency and neglect proceeding, circuit court case number 17906-CV, the circuit court found that Mother and Father severely abused Makayla.[3] Neither Mother nor Father appealed the circuit court's finding of severe abuse of the Children's half-sibling, Makayla; therefore, the finding is res judicata. *Galbreath v. Harris*, 811 S.W.2d 88,

---

[3]Mother was found to have committed severe abuse because she knew about Father's abuse of Makayla and did nothing to protect Makayla. As the statute provides, it is not necessary to physically perpetrate such abuse to commit severe child abuse. Tenn. Code Ann. 37-1-102(b)(23). Knowing failure to protect a child also constitutes severe child abuse. Tenn. Code Ann. § 37-1-102(b)(23)(A) and (C). A parent who is present when a child is abused but who fails to intervene to protect the child has knowingly exposed the child to, or has failed to protect the child from abuse. *In re H.L.F.*, 297 S.W.3d 223, 236 (Tenn. Ct. App. 2009). Alternatively, even though a parent has not actively engaged in or witnessed the severe abuse of a child, that parent may nonetheless be guilty of severe abuse. *Id.* "This is because "[p]arents have a duty to provide, and children have a right to be provided with, a safe environment free from abuse and neglect." *Id.*

-5-

90 (Tenn. Ct. App. 1990). Therefore, pursuant to Tennessee Code Annotated § 36-1-113(g)(4), the Department proved the ground of severe abuse by proving that Mother and Father had been found to have committed severe abuse of the Children's half-sibling, Makayla. No other evidence was required.

For the foregoing reasons, we affirm the finding that the Department established the ground for termination based on severe child abuse, pursuant to Tennessee Code Annotated § 36-1-113(g)(4).

Although parental rights may be terminated when only one statutorily defined ground is established, Tenn. Code Ann. § 36-1-113(c)(1); *Jones*, 92 S.W.3d at 838; *In re M.W.A.*, 980 S.W.2d at 622, we shall also address Mother and Father's issue pertaining to the ground of persistent conditions set forth in Tennessee Code Annotated § 36-1-113(g)(3).

## II. PERSISTENCE OF CONDITIONS

Tennessee Code Annotated § 36-1-113(g)(3) specifies the essential elements for the "persistent conditions" ground for termination of parental rights. It provides that grounds for termination exist when:

> (3) The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
>
> > (A)  The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) . . . , still persist;
> > (B)  There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) . . . in the near future; and
> > (C)  The continuation of the parent . . . and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home; . . .

*Id.*

The evidence in this record clearly and convincingly established that Father and Mother made no material changes to the conditions that existed when the children were removed in 2010. Father refuses to attend counseling to address his abuse of Hannah and

Makayla. For her part, Mother refuses to accept the fact that Father sexually abused her daughter Maranda; Mother also refuses to acknowledge that Father poses a similar risk to the Children. Further, Mother has refused to terminate her relationship with Father, for she was still living with him at the time of the trial.

The record clearly established that there is little likelihood that the conditions will be remedied at an early date so that the children may be safely returned to either parent in the near future, and that the continuation of the parent and child relationship greatly diminishes the Children's chances of early integration into a safe, stable, and permanent home. For these reasons, we affirm the trial court's finding that the Department proved the "persistent conditions" ground for termination of Mother and Father's parental rights by clear and convincing evidence pursuant to Tennessee Code Annotated § 36-1-113(g)(3).

### III. BEST INTERESTS OF THE CHILDREN

The General Assembly has provided a list of factors for the court to consider when conducting an analysis of the best interests of the children. *See* Tenn. Code Ann. § 36-1-113(i)(1)-(9). The nine statutory factors, which are well known and need not be repeated here, are not exclusive or exhaustive, and other factors may be considered by the court. *In re M.A.R.*, 183 S.W.3d 652, 667 (Tenn. Ct. App. 2005). Moreover, not every statutory factor need apply; a finding of but a few significant factors may be sufficient to justify a finding that termination of the parent-child relationship is in the children's best interests. *See In re M.A.R.*, 183 S.W.3d at 667. The children's best interests are to be determined from the perspective of the children rather than the parent. *See State Dep't of Children's Servs. v. L.H.*, No. M2007-00170-COA-R3-PT, 2007 WL 2471500, at *7 (Tenn. Ct. App. Dec. 3, 2007) (citing *White v. Moody*, 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004)).

The most obvious aspect of this analysis is the grave concern that the Children would be subjected to substantial risks of harm if returned to the custody of Mother and Father. An issue of less concern, but indeed a relevant factor, is that Mother and Father have woefully insufficient skills to parent the Children and neither parent has made an adjustment of their circumstances for it to be safe for the Children to return to their custody.

It is also very significant that the children came into the foster parents' home on June 25, 2010, when Eric was three years old, Maranda was 18 months old, and Charles was three months old and they have remained in that loving home ever since. The foster mother testified that Maranda and Eric hid food when they first arrived at her home. She also said the oldest child, Maranda, did not know how to brush her teeth and that both Maranda and

Eric had severe dental problems due to very poor hygiene, so severe that multiple teeth had to be capped. The foster mother testified, however, that the children are now doing "wonderfully" in their new home.

As the trial court correctly found, Mother and Father have insufficient parenting skills to parent the Children and, conversely, the Children are doing immensely better in the foster parents' custody. They have dramatically improved in all aspects of life and the foster parents wish to adopt the Children. To return the children to either parent would require the removal of the children from an environment where they are happy, healthy, and thriving.

Considering these and many other relevant factors from the Children's perspective, the evidence clearly and convincingly demonstrates that it is in the children's best interests that the parental rights of Mother and Father be terminated. Therefore, we affirm this finding as well.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded with costs of appeal assessed against the Department due to the parents' indigency.

_____
FRANK G. CLEMENT, JR., JUDGE